UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ALLEN ROBERTSON,<br>        Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | No.  1:20-cv-01332-BAM<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO EXTEND TIME FOR SERVICE OF SUMMONS**<br><br>(Doc. No. 7.) |

Currently before the Court is Plaintiff James Allen Robertson's ("Plaintiff") motion to extend the time for service of the summons on Defendant Commissioner of Social Security ("Defendant") for thirty (30) days. (Doc. No. 7.) For the reasons that follow, Plaintiff's motion is GRANTED IN PART and DENIED IN PART.

Rule 4 of the Federal Rules of Civil Procedure governs service of the summons and complaint and provides, in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  Thus, a showing of good cause requires the Court to grant an extension of the time for service.  *Id.*  However, absent a showing of good cause, the Court also has discretion

1

under Rule 4(m) to either order that service be made within a specified time or to dismiss the action without prejudice. *See id.; In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001) ("[U]nder the terms of the rule, the court's discretion is broad."); *Sebastian Brown Productions, LLC v. Muzooka, Inc.*, 143 F.Supp.3d 1026, 1036 (N.D. Cal. 2015).

Here, more than 90 days have elapsed since Plaintiff's complaint was filed on September 18, 2020, and Plaintiff has not yet served Defendant with the summons and complaint. In the Motion, Plaintiff requests that time of service be extended thirty (30) days, due to an error in tasking that service to be completed by Plaintiff's attorney. (Doc. No. 7.) As a result, service of the complaint has been delayed.

Having considered the moving papers, the Court will exercise its discretion that service be made by no later than January 30, 2021. However, the Court's order is not intended to address whether or not good cause exists for Plaintiff's failure to effectuate service within 90 days, or whether the delay in service from the September 18, 2020 filing of the complaint through the filing of this motion is excused.

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED:

1. Plaintiff's Motion to Extend Time for Service of Summons (Doc. No. 7.) is GRANTED IN PART and DENIED IN PART; and

2. Plaintiff shall serve Defendant with the summons and complaint by no later than January 30, 2021.

IT IS SO ORDERED.

Dated:   **December 30, 2020**        /s/ *Barbara A. McAuliffe*       
                                      UNITED STATES MAGISTRATE JUDGE

2